IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANCISCO AYALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00146-P-BP |
| | § | |
| ANDREW M. SAUL,[1] | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Francisco Ayala ("Ayala") filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). ECF No. 1 at 1; Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 10-1 at 155, 1609. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **AFFIRM** the Commissioner's decision.

**I.     STATEMENT OF THE CASE**

Ayala was born on December 16, 1973 and has at least a high school education. Tr. 1619. He filed for DIB on August 1, 2016, alleging that his disability began on November 14, 2014. Tr. 1609, 1620. On the alleged disability onset date, he was 42 years old, which is defined as a younger individual. Tr. 1619. The Commissioner initially denied his claims on October 24, 2016 and denied

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

them again upon reconsideration on December 12, 2016. Tr. 18. Ayala requested a hearing, which was held before Administrative Law Judge ("ALJ") Brock Cima on April 18, 2017 in Fort Worth, Texas. Tr. 18, 35. The ALJ issued an unfavorable decision on May 10, 2017, finding that based on the application for DIB, Ayala was not disabled. Tr. 15, 28.

In the decision, the ALJ employed the statutory five-step analysis and established during step one that Ayala had not engaged in substantial gainful activity since July 12, 2016. Tr. 19, 21. At step two, the ALJ determined that Ayala had the severe impairment of degenerative disc disease of the lumbar spine. Tr. 21. He found that Ayala had mild limitations in concentrating, persisting, or maintaining pace and in interacting with others. Tr. 22. He found that Ayala had no limitations in understanding, remembering, or applying information and in adapting or managing oneself. *Id.* At step three, the ALJ found that Ayala's impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 23. He found that Ayala had

> the residual functional capacity to perform light work as defined in [20 C.F.R. §] 404.1567(b). Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit for 6 hours, stand for 6 hours, walk for 6 hours, and push/pull as much as he can lift/carry. The claimant can climb ramps and stairs occasionally but can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl.

*Id.* At step four, the ALJ found that Ayala was unable to perform any past relevant work. Tr. 26. At step five, the ALJ found that jobs that Ayala could perform existed in significant numbers in the national economy, so a finding of "not disabled" was appropriate. Tr. 27.

The Appeals Council denied review on September 6, 2017. Tr. 1. Ayala appealed the ALJ's decision to this Court, which reversed and remanded on March 23, 2018. *Ayala v. Berryhill*, No. 4:17-cv-783-O-BP, 2018 WL 1470626 (N.D. Tex. Mar. 8, 2018), *rec. adopted*, No. 4:17-cv-783-

O-BP, 2018 WL 1457246 (N.D. Tex. Mar. 23, 2018). The Appeals Council remanded to the ALJ on June 26, 2018. Tr. 1691.

On October 29, 2018, ALJ Cima held another hearing in Fort Worth, Texas. Tr. 1609, 1645. On December 19, 2018, he again found that Ayala was not disabled. Tr. 1620. The ALJ employed the statutory five-step analysis and established during step one that Ayala had not engaged in substantial gainful activity since July 12, 2016. Tr. 1610–11. At step two, the ALJ determined that Ayala had the severe impairments of "degenerative disc disease (DDD) of the lumbar spine, status-post surgery, depression, anxiety, and posttraumatic stress disorder (PTSD)". Tr. 1612. At step three, the ALJ found that Ayala's impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* He found that Ayala had moderate limitations in all four "paragraph B" categories: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. Tr. 1612–14. He also found that Ayala had

> the residual functional capacity to perform sedentary work as defined in [20 C.F.R. §] 1567(a) except the claimant can never climb ladders, ropes, or scaffolds, occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He must constantly use an ambulatory device to stand, walk, and balance. Mentally, the claimant can understand, remember, and carry out simple routine tasks and make simple work-related decisions. He can have frequent contact with supervisors, coworkers, and the public.

Tr. 1614. At step four, the ALJ found that Ayala was unable to perform any past relevant work. Tr. 1618. At step five, the ALJ found that jobs that Ayala could perform existed in significant numbers in the national economy, so a finding of "not disabled" was appropriate. Tr. 1619–20.

Ayala did not seek review from the Appeals Council. ECF No. 14 at 4. Therefore, the ALJ's December 19, 2018 decision is the Commissioner's final decision and is properly before the Court for review. 42 U.S.C. § 405(g) (2020); 20 C.F.R. § 404.984(d) (2020); Tr. 1609.

## II.     STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after

considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197–98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

This Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Review of legal issues is *de novo*, so the Court will afford no deference to the Secretary's legal determinations. *Schriner v. Comm'r of Soc. Sec.*, No. 3:08-cv-2042-N (BF) ECF, 2010 WL 2941120, at *3 (N.D. Tex. June 22, 2010) (citing *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981)). Because the Court is considering this case on the appeal of administrative consideration following remand, the law-of-the-case doctrine applies. *See id.* at 4. This doctrine "prohibits a court from reexamining on remand an issue of law or fact already decided on appeal." *Id.* (citing *Brown v. Astrue*, 597 F. Supp. 2d 691, 695 (N.D. Tex. 2009)). The mandate rule is a corollary of the law-of-the-case doctrine and provides that

> a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of the appellate court. In Social Security proceedings, the district court's position to the Appeals Council (and indirectly, the ALJ) is analogous to that of the court of appeals' position with respect to a trial court.

*Id.* (citing *Brown*, 597 F. Supp. 2d at 695) (internal citations and quotation marks omitted).

"Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III. ANALYSIS

Ayala argues that (1) the ALJ did not follow the Court's instructions on remand and (2) the ALJ improperly evaluated Ayala's credibility. ECF No. 12 at 10, 16. The Court instructed the ALJ to consider and weigh Ayala's United States Department of Veterans Affairs' ("VA") service-connected disability rating. *Ayala v. Berryhill*, No. 4:17-cv-783-O-BP, 2018 WL 1470626, at *5–6 (N.D. Tex. Mar. 8, 2018), *rec. adopted*, No. 4:17-cv-783-O-BP, 2018 WL 1457246 (N.D. Tex. Mar. 23, 2018). Ayala argues that the ALJ did not weigh the VA rating in accordance with the Court's mandate. ECF No. 12 at 10; *see id.* Ayala further argues that the ALJ committed reversible error by failing to point out specific evidence from the relevant time period that supports Ayala's alleged degree of functional limitation. ECF No. 12 at 16–18. He also asserts that the ALJ ignored objective medical evidence. *Id.* at 16, 19–21. For the following reasons, the undersigned finds that the ALJ followed the Court's instructions on remand and properly evaluated Ayala's credibility.

### A. The ALJ properly considered and weighed the VA rating.

Though a VA rating is not legally binding on the Social Security Administration because the criteria applied by the two agencies are different, the rating is generally entitled to great weight, and the ALJ must consider it in his decision. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). "ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *Id.* "An ALJ's disagreement with the VA's finding of disability is not reversible error if the record reflects consideration of that finding." *Duke v. Colvin*, No. 5:16-cv-151-DAE, 2016 WL 6651394, at *5 (W.D. Tex. Nov. 10, 2016).

Here, the ALJ gave some weight, but not great weight, to the VA disability rating of 100 percent because "the criteria for the VA program are not applicable to the five step sequential evaluation and the evidence does not support the degree of functional limitation alleged." Tr. 1618, 1784. The difference in criteria between the VA and Social Security programs is not a valid reason for the ALJ to give only some weight to the VA rating. *See Schenkler v. Colvin*, No. 3:14-cv-3214-P (BF), 2015 WL 5611497, at *4 (N.D. Tex. Aug. 11, 2015). In the RFC assessment section of his opinion, however, the ALJ explained in sufficient detail why the evidence does not support the degree of functional limitation that Ayala alleges. *See* Tr. 1614–18. Therefore, he adequately explained valid reasons for not giving great weight to the VA rating.

Although the ALJ determined that the VA rating is not entitled to great weight, he still must consider and weigh the rating. *Chambliss*, 269 F.3d at 522. Here, the ALJ properly considered and weighed the VA rating in making his findings that Ayala has moderate limitations in understanding, remembering, or applying information; interacting with others; and adapting or managing himself. Tr. 1613–14 ("Based on the CE report and the VA rating, the undersigned finds moderate limitations warranted. . . . Given the VA rating, the undersigned finds moderate limitation . . . ."). These findings contributed to the ALJ's RFC determination limiting Ayala to

7

understanding, remembering, and carrying out simple routine tasks and making simple work-related decisions. *See* Tr. 1614.

The Commissioner asserts that the ALJ is not required to provide any analysis of Ayala's VA rating. ECF No. 14 at 5 n.4 (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5,844-01 (Jan. 18, 2017), 2017 WL 168819); *see* 20 C.F.R. § 404.1504. This aspect of the regulation went into effect for claims filed on or after March 27, 2017, well after Ayala filed his claim on August 1, 2016. 20 C.F.R. § 404.1504. Therefore, this part of the regulation is not relevant to the present case.

### B. The ALJ properly assessed Ayala's credibility.

#### 1. *The ALJ employed the proper analysis in assessing Ayala's symptoms.*

At step four, the ALJ considers the claimant's RFC, which involves assessing the claimant's allegations of symptoms. Pursuant to SSR 16-3p, an ALJ must conduct an objective-subjective, two-step analysis to make this assessment. *Salgado v. Astrue*, 271 F. App'x 456, 458 (5th Cir. 2008) (per curiam); SSR 16-3p, 2017 WL 5180304, at *2–3 (Oct. 25, 2017). In the first, objective step, the ALJ must determine whether an impairment exists that could reasonably be expected to produce the claimant's symptoms. *Salgado*, 271 F. App'x at 458–59. If the ALJ identifies an impairment at step one, the ALJ proceeds to the second, subjective step and "considers the applicant's statements about symptoms and the remaining evidence in the record to determine the strength of the symptoms and how the symptoms affect the applicant's ability to do basic work." *Id.* This requires a credibility finding regarding the applicant's claims about symptoms. *Id.*

The ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Pursuant to SSR 16-3p and 20 C.F.R. § 404.1529(c)(3), an ALJ employs a seven-factor analysis to assess the credibility of a claimant's subjective complaints:

> (1) plaintiff's daily activities; (2) location, duration, frequency and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and side effects of medication taken to relieve pain or other symptoms; (5) treatment, other than medication, undertaken to relieve pain or other symptoms; (6) any other measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

*Hobbs v. Astrue*, No. 3:08-cv-1174-G (BF), 2009 WL 2700222, at *4–5 (N.D. Tex. Aug. 27, 2009) (citing 20 C.F.R. § 404.1529(c)(3)); *see* SSR 16-3p, 2017 WL 5180304, at *7–8. Although the ALJ must explain the reasons for his credibility determination, "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F. Supp. 2d 863, 871 (E.D. Tex. Sept. 9, 2005) (citing *Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001)). Further, "[t]he evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983).

Here, the ALJ's evaluation of Ayala's subjective complaints of pain and fatigue is sufficiently specific to confirm that he considered the regulatory factors. The ALJ identified the proper legal standards, stated the parameters of the objective-subjective, two-step analysis he was required to undertake, and proceeded in compliance with the proper legal standards. Tr. 1614–18. After considering the evidence, the ALJ determined that Ayala's medically determinable impairments could reasonably be expected to cause the alleged symptoms at step one. Tr. 1616. The ALJ also found, however, that Ayala's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence in the record. *Id.*

To support this finding, the ALJ employed the seven-factor analysis outlined above. He did not discuss the factors in order or in a structured form, but the decision was specific enough to

9

make clear that he considered the factors. He considered the first factor in his discussion of Ayala's abilities to perform daily activities such as sleeping, personal care tasks, preparing meals, cleaning, and shopping. Tr. 1615–16. The discussion of Ayala's testimony that he experiences constant pain, has difficulty sleeping, and can only sit for fifteen-minute intervals shows that the ALJ considered the second factor. *Id.* When considering the third factor, the ALJ noted that sitting or standing for a long time potentially aggravates Ayala's symptoms and that Ayala suffered injuries from blasts in combat. Tr. 1616. The ALJ also noted other precipitating and aggravating factors, including Ayala's discogenic degenerative changes, large disc extrusion, central canal stenosis, and free fragmented herniated disc. Tr. 1617. The ALJ noted Ayala's prescribed pain medicine and medication for PTSD, which shows that he considered the fourth factor. Tr. 1616. In considering the fifth factor, the ALJ noted Ayala's surgeries. Tr. 1617. In considering the sixth factor, the ALJ noted Ayala's use of a recliner, rocker, walker, cane, back brace, and ice pack, and he noted that Ayala's pain in August 2017 improved with rest. Tr. 1616–17. Finally, the ALJ considered the seventh factor, shown by his discussion of Ayala's ability to walk—with assistance—with his dog and in the mall. Tr. 1617–18. Because the ALJ properly employed the seven-factor analysis, the undersigned finds that the ALJ's credibility determination is supported by substantial evidence and is therefore entitled to judicial deference.

> 2. *The ALJ did not err in his credibility determination by not including every detail from the medical reports.*

Ayala argues that the ALJ ignored testimony that he only did administrative work at weekend drills. ECF No. 12 at 19. The undersigned finds that the ALJ did not ignore this testimony. The ALJ clearly noted in his opinion that Ayala only does administrative work at weekend drills. Tr. 1617–18.

Ayala also argues that the ALJ ignored objective medical evidence such as medical records about Ayala's back post-surgery, medical records stating that Ayala's strength was diminished bilaterally, and VA records stating that Ayala had decreased functional mobility because of lower back pain. ECF No. 12 at 20–21. The undersigned does not find this argument persuasive because "an ALJ need not explain in his or her written determination all evidence contained in the record." *Black v. Colvin,* No. 2:12-cv-233, 2014 WL 1116682, at *5 (N.D. Tex. Mar. 20, 2014). While the ALJ did not include the written details of every medical record, it is clear from his seven-factor analysis that he was aware of the records and considered them in making his credibility determination. *See Ceman v. Colvin*, No. 4:15-cv-543-A, 2016 WL 1567489, at *5 (N.D. Tex. Apr. 1, 2016), *rec. adopted*, No. 4:15-cv-543-A, 2016 WL 1572958 (N.D. Tex. Apr. 18, 2016) (citations omitted); Tr. 1616–18.

Ayala fails to meet his burden of showing that substantial evidence does not support the ALJ's credibility determination. Simply pointing out contrary evidence is not enough to warrant reversal. Ayala must show that "no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citing *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988)); *Caldwell v. Colvin*, No. 4:15-cv-576-O-BL, 2016 WL 3621097, at *3 (N.D. Tex. June 10, 2016), *rec. adopted,* No. 4:15-cv-576-O, 2016 WL 3523780 (N.D. Tex. June 28, 2016). The ALJ limited Ayala to sedentary work, which shows that he considered the medical reports about Ayala's back pain, decreased functional mobility, and diminished strength. *See* Tr. 1614. Because Ayala fails to show that no credible evidentiary choices support the ALJ's decision, the undersigned finds that the ALJ did not err by explaining only some of the evidence contained in the record.

> 3. *The ALJ erred by using medical records from an irrelevant time period, but this error was not prejudicial and does not warrant reversal.*

Ayala argues that the ALJ used medical records from before the alleged onset date to discredit Ayala's testimony, which is prejudicial error because the result could have been different if the ALJ had not used those records. ECF No. 15 at 4. The Commissioner agrees that the ALJ relied on medical records from before the alleged onset date, but he argues that the ALJ did not err in noting that Ayala was deemed fit for active military duty. ECF No. 14 at 9.

The ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa*, 895 F.2d at 1024. Although the ALJ cited medical records from an irrelevant time period, this error was not prejudicial because the other record evidence is substantial enough to entitle the ALJ's credibility evaluation to judicial deference. Before Ayala filed the present application for DIB, he filed an application that was denied on July 11, 2016. Tr. 1609. The ALJ stated that he found no basis for reopening the prior determination and that "any reference in this decision to medical reports dated earlier than July 12, 2016, is for the sole purpose of discussing [Ayala's] treatment history and is not intended to reflect any opinion as to disability prior to that date." *Id.* Nevertheless, the ALJ used medical records from before July 12, 2016 in his finding that "on February 12, 2016, the claimant reported, and the VA confirmed, that his PTSD and back pain were stable enough for him to deploy to Guantanamo Bay." Tr. 1616. Ayala correctly notes that not only did the ALJ improperly use medical records from before July 12, 2016, but the VA's letter stating that Ayala was stable enough to deploy was not accepted. ECF No. 12 at 18 (citing Tr. 699).

Ayala also argues that the ALJ's decision must be reversed because of this error. *Id.* at 19. This argument is without merit. Even if the ALJ had not stated that Ayala was stable to deploy in February 2016, he almost certainly still would have concluded that Ayala was not disabled because

he properly considered the seven-step analysis outlined above. *See supra* Part III(B)(i) (discussing and applying the seven-factor analysis used for credibility determinations). Therefore, the ALJ did not commit prejudicial error in his consideration of medical records from the period before July 12, 2016.

### IV.    CONCLUSION

Because the ALJ followed the Court's instructions on remand, properly considered and weighed the VA rating, and properly evaluated Ayala's credibility, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **AFFIRM** the Commissioner's decision.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2020) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on **February 3, 2020**.

                                                    */s/ Hal R. Ray, Jr.*
                                                    Hal R. Ray, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE