IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANCISCO AYALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00146-P-BP |
| | § | |
| ANDREW M. SAUL, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Francisco Ayala's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* ECF No. 1. This action was referred to the United States Magistrate Judge Hal R. Ray Jr., for submission to this Court of findings, conclusions and recommendations ("FCRs") pursuant to 28 U.S.C. § 636(b)(1)(B). On February 3, 2020, Judge Ray submitted findings and conclusions and recommended that the Court affirm the Commissioner's decision. *See* ECF No. 17. Ayala timely filed objections to the FCRs (ECF No. 18), and the Commissioner filed a response. ECF No. 19. This matter is now ripe for the Court's consideration.

The Court has reviewed de novo the Magistrate Judge's FCRs to which Ayala has properly objected and finds that the objections lack merit. For the reasons set forth below, the Court **OVERRULES** Ayala's objections and **ADOPTS** and incorporates herein

Magistrate Judge's FCRs. Accordingly, the Court **AFFIRMS** the final decision of the Commissioner and **DISMISSES** this action.

## BACKGROUND[1]

Ayala was born on December 16, 1973. ECF No. 18 at 1. He has at least a high school education. *Id.* Ayala filed for DIB on August 1, 2016, alleging that his disability began on November 14, 2014. *Id.* The Commissioner initially denied the claims on October 24, 2016, and then denied reconsideration on December 12, 2016. *Id.* at 1–2. Upon Ayala's request, the Administrative Law Judge ("ALJ") conducted an evidentiary hearing. *Id.* After the hearing, the ALJ issued an unfavorable decision, finding that Ayala was not disabled based on his application for DIB. *Id.*

The ALJ employed the statutory five-step analysis and established during step one that Ayala had not engaged in substantial gainful activity since July 12, 2016. *Id.* at 2. At step two, the ALJ determined that Ayala had the severe impairments of degenerative disc disease of the lumbar spine. *Id.* He found that Ayala had mild limitations in concentrating, persisting or maintaining pace, and interacting with others, but he found that Ayala had no limitations in understanding, remember, or applying information and in adapting or managing oneself. *Id.*

---

[1]Since Ayala has not objected to the factual background in the "Statement of the Case" section of the FCRs, the Court adopts the Magistrate's rendition of the relevant facts and briefly summarizes them herein. *See Duke v. Colvin*, No. 5:16-CV-151-DAE, 2016 WL 6651394, at *1 (W.D. Tex. Nov. 10, 2016).

At step three, the ALJ found that Ayala's impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* He found that Ayala had residual functional capacity to perform light work, including the ability to

- lift and/or carry 20 pounds occasionally and 10 pounds frequently,
- sit for 6 hours, stand for 6 hours, walk for 6 hours,
- push and pull as much as Ayala could carry,
- climb ramps and stairs occasionally but never ladders, ropes, or scaffolds, and
- occasionally balance, stoop, kneel, crouch, and crawl.

*Id.* At step four, the ALJ found that Ayala was unable to perform any past relevant work, and at step five, the ALJ found that jobs that Ayala could perform existed in significant numbers in the national economy, so a finding of "not disabled" was appropriate. *Id.*

The Appeals Council denied review on September 6, 2017. *Id.* Ayala appealed and the Court reversed and remanded on March 23, 2018. *See Ayala v. Berryhill*, 2018 WL 1457246 (N.D. Tex. Mar. 23, 2018). The Appeals Council then remanded the case to the ALJ. ECF No. 17 at 3. The ALJ conducted another evidentiary hearing and again found that Ayala was not disabled. *Id.* The ALJ again employed the five-step analysis. During step one, the ALJ concluded that Ayala had not engaged in substantial gainful activity since July 12, 2016. *Id.* At step two, the ALJ found that Ayala had severe impairments of degenerative disc disease of the lumbar spine, status post surgery, depression, anxiety, and posttraumatic stress disorder ("PTSD"). *Id.* At step three, the ALJ found that Ayala's

3

impairments did not meet or medically equal the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ found that Ayala had moderate limitations in all four of the following "paragraph B" categories: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* More specifically, the ALJ found that Ayala had residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 1567(a), except that Ayala

- can never climb ladders, ropes, or scaffolds;
- can occasionally climb ramps and stairs, balance, stood, kneel, crouch, and crawl;
- must constantly use an ambulatory device to stand, walk, and balance;
- mentally can understand, remember, and carry out simple routine tasks and make simple, work-related decisions; and
- can have frequent contact with supervisors, coworkers, and the public.

*Id.* At step four, the ALJ found that Ayala was unable to perform any relevant past work, and at step five, the ALJ found that the jobs Ayala could perform existed in significant numbers in the national economy, so a finding of "not disabled" was appropriate. *Id.*

Ayala did not seek review from the Appeals Council, so the ALJ's December 19, 2018 decision is the Commissioner's final decision and is properly before the Court for review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.984(d).

United States Magistrate Judge Hal R. Ray, Jr. issued his FCRs on February 3, 2020, recommending that the District Court affirm the decision of the Commissioner. *See* FCR,

ECF No. 17. Ayala timely filed his objections. *See* Objection, ECF No. 18. The FCRs and Objection are ripe for the Court's review.

**LEGAL STANDARD**

The Court's review in this case is limited to determining whether the factual findings of the Commissioner—as set forth in the decision of his designee, the ALJ—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). Further, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). A finding of no substantial evidence is appropriate only if *no credible evidentiary choices or medical findings support the decision*. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (emphasis added) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of

5

such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

## ANALYSIS

Ayala raises two objections to the FCRs. *See* Objection, ECF No. 18. *First*, Ayala contends that the United States Magistrate misapplied the law to the case. *Id.* at 1–2. *Second*, Ayala contends that the United States Magistrate failed to follow binding law. *Id.* at 2–4. Finding no merit to either objection, the Court **OVERRULES** Ayala's objections.

A.   **The Magistrate Correctly Applied the Law**

Ayala argues that the Magistrate erred in applying the law to the facts as it concerned Ayala's VA rating. Ayala contends that the Magistrate erred because the ALJ's finding that the VA rating is "not entitled to great weight[]" without an explanation as to why the VA rating was not entitled to great weight is reversible error. Objection at 1–2.

Ayala is correct that an ALJ must give valid reasons—*i.e.*, an explanation—for giving a VA rating some but not great weight. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *see also Welch v. Barnhart*, 337 F. Supp. 2d 929, 935 (S.D. Tex. 2004)

6

(explaining that "ALJ's need not give 'great weight' to a VA disability determination *if* the ALJ adequately explains the valid reasons for not doing so, as the regulations for disability status differ between the SSA and the VA") (internal quotation marks omitted). The Magistrate included this statement of law. *See* ECF No. 17 at 7. However, Ayala fails to acknowledge that the Magistrate further and correctly stated that "An ALJ's disagreement with the VA's finding of disability is not reversible error if the record reflects consideration of that finding." *Id.* (quoting *Duke*, 2016 WL 6651394, at *5).

The Magistrate correctly concluded that the record supported an explanation as to why the VA rating did not receive great weight. ECF No. 17 at 7. That is, the ALJ explained that the VA rating was not entitled to great weight because the criteria for the VA program are not applicable to the ALJ's five-step sequential evaluation. *Id.* The ALJ also noted that the evidence at the hearing did not support the level of functional limitation that Ayala alleged. *Id.* But as the Magistrate recognized, the ALJ also expressly considered the VA rating in finding that Ayala has moderate limitations. *Id.* Thus, the record supports that the ALJ discussed Ayala's treatment with the VA and the VA's disability rating.

Therefore, the record supports the ALJ's decision to give the VA rating some but not great weight. *See Welch*, 337 F. Supp. 2d at 935. Ayala's first objection is **OVERRULED**.

**B.     The Magistrate Followed the Law**

Ayala's second objection is that the Magistrate erroneously concluded that the ALJ's error in using medical records prior to the relevant time period was harmless. ECF No. 18

at 2. Ayala argues that a review of administrative actions requires courts to judge the propriety of the agency action solely by the grounds invoked by the agency, so if any of the grounds are improper, the court may not affirm the administrative action. *Id.* at 2–3 (quoting *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Thus, according to Ayala, the Magistrate's statement as to what the Commissioner "almost certainly would have concluded," is improper speculation and legal error. *Id.* at 3.

The Magistrate contended, and the Court agrees, that the ALJ's erroneous consideration of evidence outside of the relevant time period was ultimately harmless because the ALJ also properly considered the seven-step analysis. ECF No. 17 at 8–10 (reviewing approvingly the ALJ's seven-step analysis). That is, following the ALJ's seven-step analysis, the ALJ could have properly concluded that Ayala's subjective allegations were not fully credible. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Contrary to Ayala's interpretation, the Magistrate's statement about what the Commissioner "almost certainly would have concluded" is not improper speculation, but a statement of judicial deference in light of the ALJ's proper seven-step analysis. *See id.* (stating "a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence").

Accordingly, the Court hereby **OVERRULES** Ayala's second objection.

## CONCLUSION

Following the Court's de novo review of the FCRs, record, and objections, the Court finds that the FCRs are correct. Accordingly, Ayala's Objections are hereby

8

**OVERRULED.** Judge Ray's recommendation is hereby **ADOPTED**, the Social Security Commissioner's final decision is **AFFIRMED**, and this action is **DISMISSED.**

**SO ORDERED** on this **14th day** of **February, 2020.**

_/s/ Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE